**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------X

In Re:
GLENN & DANA SIMONSON                                    Chapter 11
                                                         Case No. 06-22833 (MBK)

Debtors.

---------------------------------------------------------X

**OPINION**

**APPEARANCES:**

John Zimnis, Esquire
Law Offices of Peter E. Zimnis
1245 Whitehorse-Mercerville Road
Suite 412
Trenton, New Jersey 08619
Attorney for the Debtors

Frances Gambardella, Esquire
Zucker, Goldberg & Ackerman
200 Sheffield Street, Suite 301
P.O. Box 1024
Mountainside, New Jersey 07092-0024
Attorney for GMAC Mortgage Corp.

Erik D. Collazo, Esquire
1 AAA Drive
Suite 101
Robbinsville, New Jersey 08691
Attorney for the Standing Chapter 13 Trustee

---

**MICHAEL B. KAPLAN, U.S.B.J.**

**I. INTRODUCTION**

On November 13, 2006, the Debtors, Glenn and Dana Simonson, filed a pro se voluntary Chapter 13 petition which was dismissed on November 14, 2006 upon the Court's entry of an Order denying Debtors' application for exigent circumstances. On December 12, 2006, the Law Offices of Peter E. Zimnis, on behalf of the Debtors, filed the current voluntary Chapter 13 petition. On February 2, 2007, the Debtors then filed a motion seeking a comfort order that the automatic stay should continue pursuant to 11 U.S.C. § 362(c)(3)(B) despite the fact that the Debtors had filed a previous bankruptcy withing one year of the present petition. On February 27, 2007, the Court conducted a hearing and denied the Debtors' motion. This memorandum opinion is in support of that order and amplifies the Court's bench ruling.

**II. JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(G). Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

**III. DISCUSSION**

Section 362(c)(3) allows certain debtors who have filed a second bankruptcy within one year of their previous filing to continue the automatic stay so long as certain criteria are met. That section states in relevant part:

> (3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter

other than chapter 7 after dismissal under section 707(b)--

>(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th the after the filing of the later case;
>
>(B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) **after notice and a hearing completed before the expiration of the 30-day period** only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed

In light of this language, it is clear from § 362(c)(3)(B) that a court may extend or continue the stay so long as the following two criteria are met: (1) notice and a hearing is completed before the expiration of the 30-day period following the filing of the later petition, and (2) the moving party demonstrates that the filing was done in good faith. As the Bankruptcy Court for the Eastern District of Pennsylvania explained recently:

>[O]nce a portion of the bankruptcy stay established by § 362(a) has expired by virtue of § 362(c)(3), that portion cannot be "resurrected" as if it had never terminated. Therefore, if a debtor seeks to extend the stay beyond thirty days as permitted by § 362(c)(3)(B), it is incumbent upon him to insure that his motion is filed and heard within the thirty-day window.

In re Williams, 346 B.R. 361, 370 (Bankr. E.D. Pa. 2006). In the present case at bar, the Debtors have clearly not met the requirements of § 362(c)(3)(B) to continue the stay. Rather, the Debtors filed their motion on February 2, 2007, well outside the 30-day statutory period. Therefore, the automatic stay has terminated pursuant to § 362(c)(3)(A) and may not be continued under §

362(c)(3)(B).

Notwithstanding this Court's holding that the automatic stay has terminated under § 362(c)(3), the Court must also determine whether the stay has terminated solely with respect to the Debtors and their property, or whether the stay has terminated also as to the property of the estate. As the Bankruptcy Court for the Western District of Pennsylvania reasoned:

> [W]hen "Congress includes particular language in one section of a statute but omits it in another . . . it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." Keene Corp. v. United States, 508 U.S. 200, 208 (1993) (quoting Russello v. United States, 464 U.S. 16, 23 (1983). Thus, the "plain language" of § 362(c)(3)(A) does not terminate the automatic stay as to the property of the estate after the initial 30-day period expires.
>
> Likewise, the section is clear on its face that § 362(c)(3)(A) applies to the debtor. This is not a distinction without a difference. Acts against a debtor can be taken "with respect to a debt. . . ." 11 U.S.C. § 362(c)(3)(A). For example, an eviction action can be brought against a debtor "with respect to" a lease. 11 U.S.C. § 362(c)(3)(A). A suit against a debtor can be taken on a note a debtor signed (i.e., "with respect to a debt"). 11 U.S.C. § 362(c)(3)(A). These "in personam actions" can be brought whether or not an action is commenced "in rem" against the res.
>
> ............
>
> The statutory language of § 362(c)(3)(A) is clear and unambiguous in that it does not reach property of the estate. The automatic stay as to the property of the estate is not terminated by § 362(c)(3)(A).

Bankers Trust Co. of Ca., N.A. v. Gillcrese (In re Gillcrese), 346 B.R. 373, 376-377 (Bankr. W.D. Pa. 2006). While this issue has been addressed, with conflicting results by innumerable bankruptcy courts since the passage of the Bankruptcy Abuse Protection and Consumer Protection Act of 2005, this Court is persuaded by the holding in Gillcrese. In the present matter, therefore, the operation of § 362(c)(3)(A) acts only to terminate the automatic stay as it relates to the Debtors or their property and does not terminate the stay as it relates to the property of the

estate. If the Debtors wish to be protected by the stay, then they must seek to have the automatic stay reinstated.

Although this Court will not continue the automatic stay under § 362(c)(3), the Debtors may seek to reinstate the stay by filing an adversary proceeding.[1] As noted by the Third Circuit in <u>In re Wedgewood Realty Group, Ltd.</u>, 878 F.2d 693, 701 (3d Cir. 1989), "a lapsed stay may be reimposed under the equitable provisions of section 105(a), provided that the debtor has properly applied for such injunctive relief." Federal Rule of Bankruptcy Procedure 7001 permits the filing of an adversary proceeding "to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination." Fed. R. Bankr. P. 7001(7). Therefore, because the stay operates as an injunction, and because a bankruptcy court has the power to issue an injunction pursuant to § 105(a), the Debtors may file an adversary proceeding under Fed. R. Bankr. P. 7001(7) so that the Court may determine whether the automatic stay should be reinstated. <u>See</u> <u>also</u> <u>Williams,</u> <u>supra</u>, 346 B.R. at 371-372 ("When a portion of the bankruptcy stay under § 362(a) has been terminated by virtue of § 363(c)(3), the debtor may seek to enjoin creditors by virtue of § 105(a)"); <u>In re Jarman</u>, 2004 Bankr. LEXIS 984 (Bankr. E.D. Ky. 2004) ("A motion seeking the imposition of a new automatic stay requires

---

[1] The Court does not suggest that the filing of an adversary proceeding will always be required to reinstate the automatic stay, and notes that the Court may waive such a requirement when the facts and circumstances so warrant. <u>See</u> <u>In re Gain Electronics Corp.</u>, 117 B.R. 805, 806, n2 (Bankr. D.N.J. 1990) (Holding that the movant's motion should have been brought as an adversary proceeding under Bankruptcy Rule 7001, but that the court may relax the requirement of an adversary proceeding pursuant to Rule 1001 in order "to secure the just, speedy, and inexpensive determination of every case and proceeding"); <u>Williams,</u> <u>supra</u>, 346 B.R. at 372, n11 ("Fed. R. Bankr. R. P. 7001(7) provides that a party seeking injunctive relief in bankruptcy court should proceed by filing a summons and complaint, thereby commencing an adversary proceeding. Neither [of the parties] have raised this issue, so the procedural defect will be treated as waived"). However, with respect to serial filings and requested relief under § 362(c)(3) or (4), the Bankruptcy Code is clear as to the procedural methodology for reinstatement.

the initiation of an adversary proceeding and a showing as to the prerequisites to the entry of an injunction"); In re Grant, 2005 Bankr. LEXIS 2847 (Bankr. S.D. Fl. 2005) ("A stay in bankruptcy is essentially an injunction. To obtain a new injunction, the debtor must file an adversary proceeding under Fed. R. Bankr. P. 7001. A request to "reinstate" an automatic stay is, in fact, a request for an injunction and should meet the standards under Fed. R. Bankr. P. 7065").

**IV. CONCLUSION:**

Pursuant to § 362(c)(3), the automatic stay is terminated as it relates to the Debtors and the Debtors' property. However, the stay is still in effect as it pertains to the property of the estate.

Dated: March 2, 2007

_____
Honorable Michael B. Kaplan
United States Bankruptcy Judge